IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| JOSEPH R. O'NEILL, #A1001654, Petitioner, vs. ROBERT J. PARKER, Respondent. | ) | CIVIL NO. 07-00102 DAE-KSC FINDINGS AND RECOMMENDATION TO DISMISS PETITION |

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**

Before this Court is pro se Petitioner Joseph R. O'Neill's petition for writ of habeas corpus under 28 U.S.C. § 2254. As ordered, Respondent filed a Preliminary Answer to the Petition on March 27, 2007. (Doc. No. 12.) On April 6, 2007, O'Neill filed a Reply. (Doc. No. 13.) After careful consideration of the Petition, Preliminary Answer, Reply, and the entire record before the court, the court FINDS that Grounds One, Two, and Three are barred by the statute of limitations. The court RECOMMENDS that O'Neill's Petition be DISMISSED with prejudice.

## BACKGROUND[1]

On September 7, 1994, the Circuit Court of the Third Circuit State of Hawaii ("circuit court") indicted O'Neill on charges of Murder in the Second Degree in violation of Hawai`i Revised Statute ("Haw. Rev. Stat.") Section 707-701.5 ("Count One"), Sexual Assault in the First Degree in violation of Haw. Rev. Stat. Section 707-730 ("Count Two"), and Attempted Criminal Property Damage in the Second Degree ("Count Three").

On August 22, 1996, O'Neill entered a No Contest Plea as to Count One. (Prelim. Ans. at 2.) On October 9, 1996, however, O'Neill filed a motion to withdraw his plea. (*Id*.) On October 15, 1996, the circuit court held a hearing on the motion wherein O'Neill withdrew his motion to withdraw his plea. (*Id*.) On October 16, 1996, the circuit court entered judgement against O'Neill as to Count One and sentenced him to life imprisonment without the possibility of parole. (*Id*.)

O'Neill did not file a direct appeal of his criminal conviction. In 1998, O'Neill filed a petition for post-conviction relief under Rule 40 of the

---

[1] The facts herein are taken from the Petition, the Preliminary Answer, Hawaii State Judiciary Ho'ohiki public information, and from O'Neill v. State of Hawaii, 111 Haw. 326, 141 P.3d 499, 2006 WL 2471741 (Haw. Ct. App.).

Hawaii Rules of Penal Procedure in the circuit court. (*Id*. at 3.) On January 15, 1998, the court appointed John L. Olson, Esq., to represent O'Neill. (*Id*. at App. 8, 1.) On July 12, 1999, O'Neill filed an amended petition. O'Neill attacked the minimum term set by the parole board and argued that he had been denied effective assistance of counsel during his criminal trial. (*Id*. at 3 & App. 8.). On October 7, 1999, the circuit court denied relief as to all allegations in the petition except those related to a new parole board hearing and O'Neill's allegations set forth in Section 12E, wherein he alleged that he was subject to improper medical treatment, which the circuit court held could be litigated as a civil matter. (*Id*. at 3; App. 8, 7:E; and App. 9.) The circuit court ordered the Hawaii Paroling Authority to hold a new hearing to set a minimum term of imprisonment. (*Id*. at App. 7.) On October 28, 1999, all parties entered a Stipulation to Withdraw Part of Petition, specifically, Section 12E. (*Id*. at App. 9a.)

On December 9, 2002, O'Neill filed a second Rule 40 petition in the circuit court. (*Id*. at 3 & App. 10.) On January 22, 2003, O'Neill filed an amended petition. (*Id*. at 3.) On February 13, 2003, the circuit court again appointed John Olsen to represent O'Neill. (*Id* at App. 11.) In his amended petition, O'Neill requested that he be transferred to a mainland facility. On August 3, 2004, the

parties entered a Stipulation to Withdraw the petition because O'Neill had been transferred from Halawa Correctional Facility in Aiea, Hawaii to Tallahatchie Community Correctional Facility, in Tutwiler, Mississippi.

On October 4, 2004, O'Neill filed a third Rule 40 petition. (*Id*. at 4 & App. 13.) O'Neill argued that (1) his attorney failed to raise any issues as to his state of mind at the time of the alleged murder; (2) his attorney coerced him into signing the plea agreement; (3) prior to being questioned by the police, he never signed the form stating that he waived his rights to an attorney; and (4) his attorney worked for the state and advised the state during the sentencing and re-sentencing hearings. On December 1, 2004, the circuit court dismissed O'Neill's petition as patently frivolous and found that the issues raised had been previously waived pursuant to HRPP Rule 40(g)(2). (*Id*. at App. 14.)

On March 22, 2005, O'Neill filed an appeal of the circuit court's Order to the Intermediate Court of Appeals of Hawaii ("ICA"). (*Id*. at 4.) On July 25, 2005, O'Neill filed an opening brief wherein he argued that (1) his criminal conviction resulted from the ineffective assistance of his counsel because his attorney did not object to the media's extended coverage of the criminal trial; (2) his attorney failed to show him medical expert reports, failed to present medical

expert testimony at the criminal trial or sentencing; and (3) his attorney coerced him into entering into the plea agreement with the state. (*Id*. at App. 15.) On August 25, 2006, the ICA issued a Summary Disposition Order wherein it affirmed the circuit court. On or about September 4, 2006, O'Neill filed a motion for reconsideration, and on September 14, 2006, it was denied. O'Neill moved for certiorari, which the Hawaii Supreme Court denied on November 6, 2006.

On February 28, 2007, O'Neill initiated this habeas action when he filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus. O'Neill sets forth three grounds for relief:

A. Ground One: "Ineffective Assistance of Counsel[.] Defense counsel did not object to the (Media) Extended Coverage of Future trial." (Pet. at 6.)

B. Ground Two: "Defense Counsel failed to obtain medical reports to present to the courts." (Pet. at 7.)

C. Ground Three: "Coerced Plea Agreement[.] Appellant was forced into plea, by false pretense and premise." (Pet. at 9.)

## LEGAL STANDARD

Section 2244 provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at ---, 125 S. Ct. at 1814. "[T]he threshold necessary

to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")], is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); *accord Lott v. Mueller*, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

## DISCUSSION

On October 16, 1996, the circuit court entered judgment against O'Neill on Count One. Because O'Neill did not directly appeal this conviction, it became final on December 16, 1996, thirty days after the time for filing a direct appeal pursuant to Haw. R. App. P. 4(b)(1) expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (conviction is final after time for seeking review from the state appellate court has expired); *Wixom v. Washington*, 264 F.3d 894,

898 (9th Cir. 2001). The statute of limitations began to run the next day, December 17, 1996, and barring statutory or equitable tolling, expired one year later on December 16, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

O'Neill, however, did not file a petition in federal court until February 28, 2007, when he initiated the instant action. O'Neill's action comes more than nine years too late, unless he is entitled to statutory or equitable tolling.

First, O'Neill is not entitled to statutory tolling under § 2244(d)(2), because he failed to file any petition for state post-conviction relief for more than one year after his time for seeking review from the state appellate court had expired. O'Neill filed his first collateral proceedings with the circuit court in S.P.P. 98-003K. Although the exact date on which O'Neill filed S.P.P. 98-000K is unclear, the case number indicates that O'Neill filed the action in 1998. Thus, at the earliest, O'Neill filed suit on January 1, 1998, which was two weeks beyond the expiration of the limitations period.

Second, even if O'Neill was entitled to statutory or equitable tolling between when the circuit court entered final judgment of his criminal conviction, December 16, 1996, and final judgment of his 1998 post-conviction petition,

October 7, 1999, the statute of limitation began to run the next day, October 8, 1999, and expired one year later on October 7, 2000. O'Neill did nothing until December 9, 2002, when he filed a second Rule 40 petition in the circuit court, more than two years after October 7, 2000.

Third, there was no state-created impediment to O'Neill's filing a federal petition under 28 U.S.C. § 2244(d)(1)(B) that is evident in the record before this court.[2] In his Reply, O'Neill argues that he was prevented from filing a federal petition because: (1) he was highly medicated throughout the first nine years of incarceration; and (2) the State conspired against him by allowing the media to release incriminating statements made by one of O'Neill's doctors, and by appointing an incompetent attorney to defend him. The court disagrees.

The gravamen of O'Neill's argument, that he was highly medicated throughout the first nine years of incarceration thereby preventing him from filing a petition in federal court, is not supported by the record. First, it is clear from the record, and O'Neill's own pleadings, that he filed three collateral proceedings in state court as well as an appeal of a state court decision between 1998 and 2005.

---

[2] An assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

Although the circuit court eventually appointed counsel for each action, O'Neill admittedly initiated each suit. O'Neill states that in 1998, he wrote a letter to the circuit court inquiring into the legality of his sentence. (Reply at 4.) As a result of his letter, the circuit court appointed counsel to prepare a petition on O'Neill's behalf. In addition, on December 9, 2002, O'Neill initiated suit when he filed a Rule 40 petition in the circuit court. (Prelim. Ans. at 3 & App. 10.) On January 22, 2003, O'Neill filed an amended petition. (*Id.* at 3.) O'Neill states that he wrote a letter to John Olsen, his former court-appointed attorney, seeking assistance with the Rule 40 Petition. (Reply at 5.) On February 13, 2003, after the amended petition had already been filed, the circuit court appointed Mr. Olson. Finally, on October 4, 2004, O'Neill filed his third Rule 40 petition in the circuit court. The court is at a loss as to how, between 1996 and 2005, O'Neill filed three state court actions and drafted letters to the circuit court and his attorney, but was impeded from filing a petition in federal court. Moreover, O'Neill has presented no evidence to show that the State conspired against him by allowing the media to release incriminating statements made by one of O'Neill's doctors, and by appointing an incompetent attorney to defend him.

Although the court notified O'Neill that it was considering dismissing

his Petition as time-barred, and informed him that it was his burden to argue and prove the availability of equitable tolling, he has not done so. O'Neill has failed to present any evidence supporting the requisite "extraordinary circumstances" beyond his control which made it impossible for him to timely file a federal petition. *See Miles*, 187 F.2d at 1107. Accordingly, this Court finds that O'Neill is not entitled to equitable tolling of the statute and recommends that his Petition be dismissed with prejudice as time-barred.

## CONCLUSION

Based on the foregoing, this Court FINDS that Grounds One, Two, and Three are barred by the statute of limitations. Accordingly, this Court RECOMMENDS that O'Neill's Petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, May 1, 2007.




Kevin S.C. Chang
United States Magistrate Judge

*O'Neill v. Parker*, Civ. No. 07-102 DAE-KSC; FINDINGS AND RECOMMENDATION TO DISMISS PETITION; hmg\Habeas 07\O'Neill 07-102 (F&R dsm pet)